### W. P. JOHNSON v. THE STATE.

No. 4028.    Decided February 12, 1908.

**Local Option—Insufficiency of Evidence.**

Where upon trial for a violation of the local option law, the evidence failed to connect defendant with a sale of the whisky with that degree of certainty that excludes every other reasonable hypothesis than the guilt of defendant, the conviction could not be sustained.

Appeal from the County Court of Denton. Tried below before the Hon. Lee Zumwalt.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Owsley & Sullivan,* for appellant.—Wolfe v. State, 85 S. W. Rep., 8; Farmer v. State, 50 S. W. Rep., 347; Henderson v. State, 37 Texas Crim. Rep., 79; 38 S. W. Rep., 617.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a conviction for violating the local option law.

The only question in this record we deem necessary to review is the evidence. We do not think same is sufficient. It does not connect the defendant with the sale of the whisky with that degree of certainty that excludes every other reasonable hypothesis than the guilt of appellant. The facts in substance show that the prosecuting witness placed some money on a buggy seat upon which appellant alone, was sitting; that he rode off with same. Subsequently prosecutor went to a wagon-yard and there drank some whisky with two parties that had previously furnished

him the money to pay for whisky. He does not swear that defendant delivered the whisky but saw the defendant riding out of the wagon-yard as he entered same, having in his buggy a bottle encased in a paper box similar to the paper box surrounding the bottle in which the whisky was contained that the parties gave prosecutor. Witness further testified that whisky is usually shipped surrounded with some kind of paper covering, or box similar to that he saw surrounding the bottle out of which he drank, and also similar to that which he saw in appellant's buggy; but he swears that appellant did not sell the whisky to him, as stated. We do not think it shows that appellant sold the whisky to prosecutor.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*